IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James Noah Upchurch, | ) | Case No. 8:20-cv-02255-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SCDC, Warden Terrie Wallace, Nurse Wanda Sermon, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On June 19, 2020, the Magistrate Judge issued a Report recommending that SCDC be dismissed from this action without issuance of service of process because it is not a person amenable to suit sunder § 1983. ECF No. 11. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a Reply to the Report agreeing to the dismissal of SCDC. ECF No. 14.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated, Plaintiff has agreed to dismiss SCDC as a Defendant in this action. The Court would note that Plaintiff appears to correct the amount of monetary damages he is requesting; however, that correction is not at issue at this procedural posture.

Plaintiff also notes that he is "not sure if I need a lawyer or not and not sure how to get one from here if I do. Can I please get help on this matter." ECF No. 14. To the extent Plaintiff is requesting that counsel be appointed by this Court, his request is denied. There is no constitutional right to appointed counsel in a civil case, *Whisenant v.Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), abrogated on other grounds by *Mallard v. U.S. Dist.*

*Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163). The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings. Accordingly, the Court declines to appoint counsel to represent Plaintiff, but if the case survives dispositive motions, Plaintiff may renew his request for appointment of counsel.

## **CONCLUSION**

Accordingly, the Court adopts the Reports of the Magistrate Judge. SCDC is dismissed without prejudice and without issuance of service of process. This action remains pending against the remaining Defendants.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 21, 2020
Spartanburg, South Carolina