IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James Noah Upchurch, | ) | Case No. 8:20-cv-02255-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Terry Wallace and Nurse Wanda Sermen, | ) ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On December 10, 2020, Defendants filed a motion for summary judgment. ECF No. 36. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 38. Plaintiff did not respond to the motion. On January 21, 2021, the Magistrate Judge issued an order directing Plaintiff to file a response by February 10,

---

[1] This caption represents the current Defendants.

2021.  ECF No. 46.  Plaintiff was specifically warned that failure to file a response could result in dismissal pursuant to Federal Rule of Civil Procedure 41(b).  *Id.*  Despite this explanation, Plaintiff has not responded to the motion.[2]

On February 22, 2021, the Magistrate Judge issued a Report recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  ECF No. 50.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff did not file objections to the Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo*

---

[2] The Court has reviewed Plaintiff's motion for appointment of counsel, which was filed after Defendant's motion for summary judgment.  ECF No. 41.  The Court finds that it should not be construed as a response to the motion for summary judgment.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 29, 2021
Spartanburg, South Carolina

---

[3] The motion for summary judgment [36] is **FOUND as MOOT**.